# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>Austin James Huss,<br><br>Debtor<br>22172 250th Ave<br>La Motte, IA 52054 | Case No. 25-00291<br><br>Chapter 7<br><br>Honorable Thad J. Collins |
| Farm Credit Services of America, PCA,<br><br>Plaintiff<br><br>vs.<br><br>Austin James Huss,<br><br>Defendant | Adversary Proceeding No.<br><br>**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO BANKRUPTCY CODE §§523(A)(2) AND (6)** |

**COMES NOW** the Plaintiff, Farm Credit Services of America (the "Plaintiff" or "Farm Credit") a secured creditor of the above-referenced Debtor ad Defendant, by and through is attorney of record, Michael Cunningham of Cunningham & Kelso, PLLC and for its complaint objecting to the Dischargeability of Debt Pursuant to Bankruptcy Code 523(a)(2) and (6) respectfully states as follows:

### I.     PROCEDURE AND PARTY INFORMATION

1. This is an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure §§ 7001 et sq.  Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 157(a), 1334 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. §157(B)(2)(I).

3. The plaintiff is an entity formed pursuant to the Farm Credit Act, with its principal place of business in Omaha, Nebraska.

4. The Defendant in this adversary proceeding and the Debtor in this Bankruptcy Case, Austin James Huss ("Defendant" or "Debtor") is an individual residing at 22172 25t0h Ave, La Motte, Jackson County, Iowa.

## II. FACTUAL BACKGROUND
### A. Introduction

5. Defendant Huss entered that certain AgDirect Retail Installment Contract and Security Agreement ("Contract"), wherein the Defendant was the buyer of New Holland 845 Loader, Serial No. 7750, and New Holland T5.120 Tractor, Serial No. 007925 ("Equipment").  The original consideration for the Contract was the purchase price of the Equipment which was $104,311.80 to be paid under the Contract in equal installments of $8,946.18, with principal and interest, beginning August 1, 2020 and ending February 1, 2025, with interest applied at the original annual rate of 3.990 % per annum.  A true and correct copy of the Contract is marked as Exhibit 1, attached hereto and by this reference made a part hereof.

6. Under the Contract Farm Credit is identified and defined as the "Finance Company" and the servicer of the Contract with full right and authority in the place and stead of the seller, in the name of the seller, or in its own name to enforce any and all rights and remedies under the Contract.

7. The Contract grants to seller and Plaintiff a continuing security interest in the Equipment, together with all attachments, replacements, exchanges, parts, substitutions, accessions, additions, repairs and accessories incorporated therein or affixed thereto as more particularly described and stated in the Contract.  The security interest so granted is a purchase money security interest.

8. Farm Credit perfected its security interest in the Equipment by filing a UCC-1 financing statements with the Secretary of State of Iowa. A true and correct copy of such financing statement is marked as Exhibit 2, attached hereto and by this reference made a part hereof.

9. The Security Documents granted Plaintiff without limitation, a secured interest in and to the following specially identified vehicles, equipment and other property owned by Austin James Huss.

    New Holland 845 Loader, Serial No. 7750
    New Holland T5.120 Tractor, Serial No. 007925

10. The Defendant failed to pay installments due under the Contract.

11. Plaintiff made demand upon the Defendant for surrender of possession of the personal property identified in and secured by the Security Documents.

12. The Defendant failed to surrender possession of the personal property as Plaintiff demanded.

13. Defendant sold the New Holland 845 Loader, Serial No. 7750, and New Holland T5.120 Tractor, Serial No. 007925 collateral and failed to remit sale proceeds to Plaintiff.

14. On March 18, 2025 the Defendant filed his petition, schedules, and statements in this Chapter 7 Bankruptcy Case, which schedules and statements did not list Plaintiff's collateral.

15. Any disposition of the New Holland 845 Loader, Serial No. 7750, and New Holland T5.120 Tractor, Serial No. 007925 by the Defendant without Plaintiff's knowledge and consent was and is a direct violation of the Defendant's obligations under the Security Documents.

16. Despite the existence of Plaintiff's security interest, the Defendant did not pay Plaintiff or seek Plaintiff's consent before selling Plaintiff's collateral.

### III. COMPLAINT

### COUNT I: OBJECTION TO DISCHARGEABILITY OF DEBTS UNDER 11 U.S.C. §523(A)(2)

17. Plaintiff incorporates by this reference as if fully set forth herein Paragraphs 1 through 16 of this Complaint, and Exhibits 1 through 2 attached hereto.

18. The Defendant used false pretenses, false representations, and/or actual fraud, including but not limited to the use of statements in writing the Defendant knew to be materially false, in order to conceal property form Plaintiff, prevent Plaintiff's repossession of secured property, void the payment of monies to Plaintiff on Contract and generally mislead and defraud Plaintiff.

19. Plaintiff is informed and believes that at the time the Defendant used such false pretenses and false representations, and/or committed such actual fraud, the Defendant knew his conduct was misleading and committed the fraudulent misconduct with the intention and purpose of deceiving Plaintiff.

20. Plaintiff relied on the Defendant's false pretenses, false representations and fraudulent conduct to its detriment as described in this Complaint.

21. As a result of the Defendant's false pretenses, false representations and fraudulent conduct, Plaintiff has suffered monetary damages, including court costs and attorney fees.

22. The amounts owed to Plaintiff under the Contract as well as any costs or damages associated with the Replevin or Replevin Property, disposition of New Holland 845 Loader, Serial No. 7750, and New Holland T5.120 Tractor, Serial No. 007925 should be excepted from discharge pursuant to 11 U.S.C. §523(a)(2).

WHEREFORE, the Plaintiff prays the Court determine that all amounts due the Plaintiff under the Replevin or Replevin Property, and disposition of New Holland 846 Loader, Serial

Number 7750 and New Holland T5 Tractor, Serial Number 007925 are non-dischargeable pursuant to 11 U.S.C. §523(a)(2) with interest at the appliable judgment rate, that the Court render judgment for Plaintiff for attorney fees and costs of this action; and for such other and further relief as just and equitable.

## COUNT IV

### OBJECTION TO DISCHARGEABLE OF DEBTS UNDER 11 U.S.C. §523(A)(6)

23. Plaintiff incorporates by Ference as if fully set forth herein Paragraphs 1 through 22 of this Complaint, and Exhibits 1 through 2 attached hereto.

24. The Defendant willfully and maliciously injured Plaintiff by concealing property form Plaintiff preventing Plaintiff's repossession of secured property, avoiding the payment of monies to Plaintiff on the Contract and generally by intentionally misleading and defrauding Plaintiff.

25. Plaintiff is informed and believes that the Defendant's conduct and actions as an individual as described in this Complaint were willful, malicious, and done with the intention and purpose of deceiving and injuring Plaintiff.

26. Plaintiff relied on the Defendant's willful, malicious, and intentional conduct to its detriment as described in this Complaint.

27. As a result of the Defendant's willful, malicious, and intentional conduct, Plaintiff has suffered monetary damages, including court costs and attorney fees.

28. The amounts owed to Plaintiff under the Contract as well as any costs or damages associated with the Replevin or Replevin Property, disposition of retainage of proceeds and disposition of the New Holland 845 Loader, Serial No. 7750, and New Holland

T5.120 Tractor, Serial No. 007925should be excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

WHEREFORE, the Plaintiff prays the Court determine that all amounts due the Plaintiff under the Contract, as well as any costs or damages associated with the Replevin, disposition of retainage and proceeds and disposition of New Holland 845 Loader, Serial No. 7750 and New Holland T5.120 Tractor, Serial No. 007925, are non-dischargeable pursuant to 11 U.S.C. §523(a)(6) with interest at the applicable judgment rate; that the Court render judgment for Plaintiff for attorney fees and costs of this action; and for such other and further relief as is just and equitable.

CUNNINGHAM & KELSO, P.L.L.C.

By /s/ Michael J. Cunningham
 Michael J. Cunningham, AT0001829
2830 100th Street, Suite 106
Urbandale, Iowa 50322
(515) 278-4200
ATTORNEYS FOR FARM CREDIT SERVICES OF AMERICA, PCA